### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUSAN J. FAULKNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.: CIV-11-865-R |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Susan J. Faulkner ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and 636(b)(3). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and matter remanded for further proceedings.

### Administrative Proceedings

Plaintiff initiated these proceedings by protectively filing her applications seeking disability insurance benefits and supplemental security income payments in April, 2007 [Tr. 123 - 126, 127 - 131, and 177]. She alleged that "plantarfaseitis, high blood pressure, bi-polar, diabetes, ADD, Diabetic neuropathy in feet and hands, depression, obesity, asthma, panic attacks, allergies, cracked disc in back, herniated disc in back, xanax overdose,

pancreatitis [and] car accident injuries" resulted in difficulty in standing, walking, and lifting, all of which became disabling as of February 28, 2005 [Tr. 168].[1] Plaintiff's claims were denied and, at her request, an Administrative Law Judge ("ALJ") conducted a May 2009 hearing where Plaintiff, who was represented by counsel, and a vocational expert testified [Tr. 21 - 62 and 86 - 87]. In his September 2009 decision, the ALJ found that Plaintiff retained the capacity to perform work which was available in the national economy and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 8 - 20]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 1 - 4], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal*

---

[1] Unless otherwise indicated, quotations in this report are reproduced verbatim.

*v.Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

Plaintiff has advanced four claims of error on appeal. She first maintains the ALJ erred by disregarding the finding of a consultative examining physician that Plaintiff would have difficulty manipulating small objects. Next, she contends the ALJ committed legal

error by ignoring probative medical evidence pertaining to Plaintiff's mental impairments. It is Plaintiff's third claim that the ALJ's step three findings were not based on substantial evidence. Her final contention is that the ALJ's RFC analysis was erroneous and not based on substantial evidence.

Remand is recommended because the ALJ did not address the consultative examining physician's functional evaluation that Plaintiff would have difficulty with manipulating small objects. This error cannot be considered harmless in that each of the three jobs which the ALJ relied on at step five to establish that Plaintiff could perform work in the national economy requires frequent fingering.[2]

**Analysis**

Following Plaintiff's submission of her applications for benefits, Stephanie Hall, D.O., examined Plaintiff on behalf of the Social Security Administration [Tr. 388 - 394]. In

---

[2]Plaintiff argues that the evidence of record affirmatively establishes that she has met a mental impairment listing at step three of the sequential process and that a remand for an immediate award of benefits is appropriate. In making this argument, Plaintiff maintains the ALJ improperly relied upon the findings of a non-examining State agency physician, Dr. Pearce, in determining that Plaintiff had failed to establish that she met the criteria of a listed impairment [Doc. No. 14, pp. 21 - 23]. Dr. Pearce's conclusions [Tr. 401 - 418], however, were grounded on the medical findings, *id.* at 413, of the consultative examining psychologist, Janet Kates, Ph.D. [Tr. 395 - 400]. Thus, substantial evidence supports the ALJ's findings, and Plaintiff has failed to establish that this evidence was overwhelmed by notations of her tearfulness, anxiety, and distractedness when sex offender charges were pending against her, *id.* at 395 - 396, or when she was dealing with issues concerning her father's daughter and child support. Nonetheless, in the new proceedings which will be conducted on remand – proceedings in which updated medical evidence may be submitted – the adjudicator will have the opportunity to consider whether an updated consultative mental examination should be ordered and additional medical findings made.

completing the Functional Evaluation Assessment on the Hand/Wrist Sheet, Dr. Hall affirmatively stated that Plaintiff could effectively oppose her thumbs to her fingertips and could effectively grasp a tool such as a hammer [Tr. 393]. Nonetheless, in response to the question of whether Plaintiff could effectively manipulate small objects – an ability that could be measured by observing dressing and undressing – Dr. Hall stated, "difficulty." *Id.* As Plaintiff maintains, the ALJ made no mention of this functional evaluation in his discussion of Dr. Hall's report, [Tr. 10 - 11], and failed to include any restrictions in his residual functional capacity ("RFC") assessment relating to Dr. Hall's finding that Plaintiff had difficulty with manipulating small objects [Tr. 16]. It is Plaintiff's argument that this failure is not harmless because each of the three jobs identified by the ALJ at step five requires frequent fingering [Tr. 19 - 20]. *See* DICOT 209.587-010, 1991 WL 671797; DICOT 249.587-018, 1991 WL 672349; and, DICOT 726.684-070, 1991 WL 679606.

In response, the Commissioner does not deny that the ALJ failed to specifically address Dr. Hall's evaluation that Plaintiff would have difficulty in manipulating small objects [Doc. No. 15, pp. 3 - 6]. Moreover, the Commissioner does not counter Plaintiff's legal argument that the ALJ is required to evaluate every medical opinion[3] and, if he decides to reject an opinion, to "provide specific, legitimate reasons for rejecting it." *Doyal v. Barnhart,* 331 F.3d 758, 764 (10th Cir. 2003). S*ee also* 20 C.F.R. §§ 404.1527(d), 416.927(d).

---

[3]"Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity of your impairment(s), including . . . what you can still do despite impairment(s), and your physical and mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).

Neither does the Commissioner deny that the jobs relied on by the ALJ require frequent fingering. *Id.* Rather, the Commission suggests that Dr. Hall's statement does not show that Plaintiff is unable to perform any fingering but simply reflects that "Plaintiff may have difficulties with buttons[.]" *Id.* at 4. Nonetheless, even parsing Dr. Hall's functional evaluation of Plaintiff's ability to manipulate small objects as finely as does the Commissioner, the ALJ still failed to reference the finding – either to adopt it or reject it – and this is reversible error.[4]

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings. The parties are advised of their right to object to this Report and Recommendation by August 21, 2012, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[4] The ALJ's failure cannot be salvaged by the Commissioner's post hoc effort to supply vocational evidence or to demonstrate that Dr. Hall's functional evaluation was overwhelmed by other evidence of record. *See Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir. 2004) ("[T]o the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against pos hoc justification of administrative action recognized in *SEC v. Chenery Corp.,* 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed, 626 (1943) and its progeny.").

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 1st day of August, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE